CENTER THEATER, Petitioner

v.

MELVILLE M. STEVENS, Commissioner of Labor, Respondent

No. 272-1967

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 20, 1969

*See, also, 294 F.Supp. 932*

BAILEY, WOOD AND ROSENBERG, ESQS. (FREDRICK D. ROSENBERG, ESQ., of counsel), *for petitioner*

A. ROBERT PFEFFER, Assistant Attorney General of the Virgin Islands, *for respondent*

VAN DUSEN, *Circuit Judge*

* Sitting by designation.

## MEMORANDUM AND ORDER SUR PLEADINGS

This is a proceeding for review of Respondent's Certification of the Virgin Islands Labor Union, AFL–CIO, as the representative for collective bargaining of "all ticket sellers, ticket collectors, poster distributors, cleaners; excluding all office clerical employees, air-conditioning maintenance men, projectionists, watchmen and supervisors", which were found to constitute a unit appropriate for collective bargaining. This proceeding is brought pursuant to 5 V.I.C. §§ 1421–1423. See Caribe Construction Co. v. Penn, 342 F.2d 964, 5 V.I. 180 (1965).

After a careful review of the record and, in particular, consideration of the last sentence of 24 V.I.C. § 67(a),[1] the court has concluded that the Petition For A Writ of Review must be denied. The findings of respondent are supported by substantial evidence. Although there appear to have been reasons indicating that the Commissioner of Labor might have made a further investigation of the statement by 15 employees that "we do not want to be represented by any Labor Union for collective bargaining or for any other purpose. Any signature that may appear to the contrary in any petition prior to this date, April 25, 1967, is void",[2] he had the discretion not to make such further investigation and the applicable legislative provisions, in the light of this record, do not permit us to modify his certification and unit determination.

---

[1] "Membership cards or statements sworn to before a notary public by not less than 60 percent of the employees in an appropriate unit shall be accepted as valid proof of the designation by a majority of the employees of such representative."

[2] This document was placed in the record by the employer, who refused to disclose the names of the persons who had given it to him. There was no proof offered at the administrative hearing of the authenticity of the signatures on this document.

## ORDER

AND NOW, January 20, 1969, IT IS ORDERED that the PETITION FOR WRIT OF REVIEW in the above case is DENIED.